## FIELD v. STATE.

No. A-11477. March 5, 1952.

(241 P. 2d 1122.)

Harry C. Kirkendall and Otjen & Carter, Enid, for plaintiff in error.

Mac Q. Williamson, Atty Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, John McKnow Field, was charged by an information filed in the county court of Garfield county with the crime of

driving an automobile on the public highway while under the influence of intoxicating liquor, and was sentenced to serve a term of five days imprisonment in the county jail and pay a fine of $75, and has appealed.

The sole question presented in the brief of the defendant is the contention that the evidence was insufficient to sustain the verdict of guilty.

It is particularly urged that there was no proof that the defendant was driving an automobile, or that he drove it to the 100 block West Randolph, as alleged in the information. However the proof of the state showed that the defendant while driving a Chevrolet coupe turned his automobile in such a manner that it became fastened to the front bumper of a car parked in front of the Chapman-Hirsch-Crawford Clothing Store at 100 West Randolph in the city of Enid. Several witnesses who saw the defendant immediately after the collision testified that he staggered when he walked; that he had an odor of intoxicating liquor about him; and three of them stated emphatically that in their opinion he was drunk.

The defendant testified in his own behalf and admitted driving his automobile at the place in question. He specifically denied being intoxicated and testified that he had been working at Blakemore's Meat Market on their refrigerator since 11:00 o'clock a. m. The incident occurred about 3:30 or 4:00 p. m. The defendant swore that he had left Blakemore's about 3:30 p. m. for the purpose of going to his place of business and securing some methyl gas to place in the refrigerator. He contended that he had been subjected to a methyl chloride leak in the room where the refrigerator was contained for several hours, and the court permitted the introduction in evidence of a manual known as the "Master Service Manuals, Commercial Refrigeration." In this manual it is stated: "The effect of breathing methyl chloride vapor upon the human being is similar to alcoholic intoxication."

In rebuttal the state showed by Charles Schanning that he was employed by defendant as a helper on the date in question; that the defendant's wife had sent him to look for the defendant about 3:30 p. m. for the purpose of getting him to fix a refrigerator over at Blakemore's; that he found the defendant in the Mariana Tavern drinking beer, and that in his opinion the defendant at that time was under the influence of liquor.

There was a conflict in the evidence, but the jury alone determines the weight to be given to the evidence and the credibility of the witnesses. This court would be invading the province of the jury if we were to set aside the verdict merely because there is a conflict in the evidence. There is ample competent evidence in the record from which the jury could find the defendant is guilty as charged.

The judgment and sentence is affirmed.

BRETT, P. J., and POWELL, J., concur.